UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM J. MORRA, JR.**,

      **Plaintiff,**

v.                               Case No.  6:23-cv-878-CEM-EJK

**MATTHEW ANGELO KOZYRA,**
et al,

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on a handwritten document filed by Plaintiff William J. Morra, titled "Writ of Prohibition in its Entirety" ("Writ," Doc. 1).

Although difficult to discern, Plaintiff appears to sue a judge, two attorneys, a sheriff, and two others for false arrest. He requests the Court issue a bench warrant for their arrests and appears to also seek his own release.

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." Plaintiff did not specifically title the document a civil complaint or a petition for writ of habeas corpus, and it is not clear from his statements whether he seeks to initiate a habeas action or a civil rights action. Thus, although the present document was used to open the case file, Plaintiff has not sufficiently initiated a civil action.

Additionally, Plaintiff did not use the standard form to initiate such an action. *See* Local Rule 6.04(a), M.D. Fla. (requiring *pro se* plaintiff prisoners to use the standard form to file a civil complaint or habeas petition). Nor did he comply with Rule 2(d) of the *Rules Governing Section 2254 Cases in the United States Courts*, which requires that the form of the habeas corpus petition be substantially in the form approved by the Judicial Conference of the United States.

Finally, Plaintiff did not pay the filing fee or move to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915(a)–(b); Rule 3(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Writ (Doc. 1) is **DISMISSED without prejudice**.

2. If Plaintiff desires to proceed on his claims, he must do so by filing a new pleading using a standard form. He should not place the current case number on the pleading, as a new case number will be assigned at the time of filing.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party